262 N.J. Super. 618 (1993)
621 A.2d 559
STATE OF NEW JERSEY, PLAINTIFF,
v.
JAMES SOLOMON, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Cumberland County.
Argued September 11, 1992.
Decided January 22, 1993.
*619 Raymond A. Marcolongo, Assistant Prosecutor (Michael Brooke Fisher, Cumberland County Prosecutor), for plaintiff.
Edgar Hathaway, Jr., for defendant.
SERATA, J.S.C.
The issue before this court is one of first impression and raises questions of when and under what circumstances must confiscated weapons seized pursuant to N.J.S.A. 2C:25-21(d) be returned to the lawful owner who is a named defendant under a domestic violence complaint and a criminal complaint lodged against him.
The factual background giving rise to this issue can be briefly summarized. Imelda Solomon, wife of the defendant, contacted the Millville Police Department on July 6, 1992 regarding alleged terroristic threats made by the defendant, James Solomon. Mrs. Solomon alleged that the defendant tried to kill her and tried to take her children away. She signed a domestic violence complaint which gave rise to a temporary *620 restraining order issued by Judge Salvo of Millville Municipal Court, finalized by Judge McDonnell of the Superior Court on July 15, 1992. A criminal complaint was also filed against the defendant by the Millville Police Department for terroristic threats in violation of N.J.S.A. 2C:12-3. The criminal complaint was dismissed by the Millville Municipal Court, but the restraints from the order entered by Judge McDonnell remain in place.
The act giving rise to this litigation was the seizure of weapons owned by defendant under the Prevention of Domestic Violence Act of 1991, N.J.S.A. 2C:25-17, et seq. On July 7, 1992, a twelve gauge double barrel shotgun, model number 335 and a sixteen gauge shotgun, both owned by the defendant, were seized by the Millville Police Department in accordance with N.J.S.A. 2C:25-21(d). The Cumberland County prosecutor's office filed a motion on August 20, 1992 to have these guns surrendered to the prosecutor's office as well as other firearms owned by the defendant, and for disposal unless the defendant arranged for sale of the weapons within sixty days. The prosecutor's office also requested revocation of the defendant's firearms purchaser identification card or any permit, license or authorization with respect to the firearms held by the defendant.
Section 2C:25-21(d)(3) states:
Weapons seized in accordance with the above shall be returned to the owner except upon order of the Superior Court. The prosecutor who has possession of the seized weapons may, upon notice to the owner, petition a judge of the Family Part of the Superior Court, Chancery Division, within 45 days of seizure, to obtain title to the seized weapons, or to revoke any and all permits, licenses and other authorizations for the use, possession, or ownership of such weapons pursuant to the law governing such use, possession, or ownership, or may object to the return of the weapons on such grounds as are provided for the initial rejection or later revocation of the authorizations, or on the grounds that the owner is unfit or that the owner poses a threat to the public in general or a person or person in particular ...
After the hearing the court shall order the return of the firearms, weapons and any authorization papers relating to the seized weapons to the owner if the complaint has been dismissed at the request of the complainant and the prosecutor determines that there is insufficient probable cause to indict; or if *621 the defendant is found not guilty of the charges; or if the court determines that the domestic violence situation no longer exists.

N.J.S.A. 2C:25-21(d)(3) (emphasis added).
There is no dispute that the prosecutor gave notice to the defendant within 45 days of the seizure. The dispute lies in the interpretation of the word "complaint" emphasized above.
The defense contends that the word "complaint" refers to a criminal complaint whereas the prosecution contends "complaint" refers to a domestic violence complaint. The defense emphasizes that "complaint" is not defined within the statute, but "victim of domestic violence" is:
d. "Victim of domestic violence" means a person protected under this act and shall include any person who is 18 years of age or older or who is an emancipated minor and who has been subjected to domestic violence by a spouse, former spouse, or any other person who is a present or former household member, or a person with whom the victim has a child in common.

N.J.S.A. 2C:25-19(d)
The defense contends that if the Legislature had intended "complaint" to refer to a domestic violence complaint it would have used the term "victim of domestic violence" instead of "complainant" in N.J.S.A. 2C:25-21(d)(3). The defense's position is that "complaint" refers to a criminal complaint, and since the criminal complaint was dismissed in this case, the statute requires the return of the weapons seized. The court finds the interpretation presented by the defense unacceptable.
The word "complaint" refers to a domestic violence complaint in accordance with the interpretation of the Domestic Violence Statute in 1991.[1] The Domestic Violence Statute was enacted to protect victims of domestic violence within a family or family like setting through both civil and criminal remedies.[2] The *622 Legislature intended domestic violence situations to be handled in accordance with the Domestic Violence Act while still enforcing existing criminal and civil remedies that may be created under the act.[3] The Act protects victims of domestic violence by allowing them to file a domestic violence complaint.[4] When a criminal remedy is available to protect the victim of a domestic violence act, the Act specifically mentions a criminal complaint so as to reinforce and or create criminal remedies available.[5]
A weapons hearing required in 2C:25-21(d)(3) is to be held in the Family Part of the Superior Court. (see above) The Family Part of Superior Court has jurisdiction over domestic violence complaints, not criminal complaints. If the word "complaint" in 2C:25-21(d)(3) were to refer to a criminal complaint, then the *623 Family Court would be deciding a matter for the Criminal Division of the Superior Court. It appears more logical to say the framers intended "complaint" to refer to a domestic violence complaint since they determined the seizure of weapons hearing would be in Family Court and not Criminal Court.
The defense further argues that complaint must refer to a criminal complaint because the sentence goes on with the words, "and the prosecutor determines that there is insufficient probable cause to indict," referring to an indictment based on criminal complaints because prosecutors indict on criminal complaints not domestic violence complaints.[6] This argument is flawed upon review of the entire sentence in the section:
"After the hearing the court shall order the return of the firearms, weapons and any authorization papers relating to the seized weapons to the owner if the complaint has been dismissed at the request of the complainant and the prosecutor determines that there is insufficient probable cause to indict; ...

N.J.S.A. 2C:25-21(d)(3) (emphasis added)
If the defense's argument is accepted, then a victim of domestic violence, the complainant, has the authority to dismiss the criminal charges. It is a prosecutor's decision whether or not to pursue criminal charges.
A final argument against interpreting "complaint" as a domestic violence complaint concerns the finality of the words in a sub-section. Interpreting the word "complaint" as a domestic violence complaint leads to the interpretation that if the domestic violence complaint is dismissed and there is no probable cause to indict under the criminal complaint, then there is nothing left concerning the domestic violence incident on which to pursue an action within the courts. The Legislature intended that weapons could be returned to the offender in a domestic violence incident only if the domestic violence complaint was no longer actionable and there were no indictable criminal violations. The Act was intended to protect the victims of domestic violence and by assuring that both civil and criminal remedies *624 as well as those offered through a domestic violence complaint have been attempted, the Legislature has enabled a victim to use all the options available before any weapons seized are returned to the offender.
Setting aside the arguments concerning the interpretation of the word complaint, there still remained two other options in which the weapons seized could be returned. Section 2C:25-21(d)(3) mentions that weapons seized would be returned if the complaint was dismissed and no probable cause existed to indict the defendant, but the statute goes on the state, "... or if the defendant is found not guilty of the charges; or if the court determines that the domestic violence situation no longer exists." (N.J.S.A. 2C:25-21(d)(3) (emphasis added).
In essence, there are three ways in which guns can be returned. First, if the domestic violence complaint is dismissed and no probable cause exists to indict the aggressor. Second, the person who subjects the victim to domestic violence had any charges pending against him/her dismissed. The last remaining option is whether, even if the charges against the defendant were dismissed, and the domestic violence complaint was dismissed and no probable cause existed to indict the defendant, the court, after holding a hearing, determines there still existed some underlying reason to seize the weapons to protect the victim of the domestic violence, i.e. a violent situation no longer existed.
In this case, the guns were seized in accordance with the temporary restraining order issued by Judge Salvo on July 6, 1992 as a result of a domestic violence complaint. The weapons were listed by number and type in the domestic violence complaint in accordance with N.J.S.A. 2C:25-24(b)(7), and turned over to the county prosecutor's office under N.J.S.A. 2C:25-21(d)(2). The prosecutor, upon notice to the defendant, made a motion to this court to have the weapons seized in accordance with N.J.S.A. 2C:25-21(d)(3). This court finds that the owner poses a threat to a person, in particular his wife, Imelda *625 Solomon. The domestic violence complaint was not dismissed allowing the court to permit seizure of the weapons under the first of three options permitted in N.J.S.A. 2C:25-21(d)(3).
The prosecutor shall prepare an order setting forth the above findings under the five-day rule.
NOTES
[1] N.J.S.A. 2C:25-17, et seq.
[2] N.J.S.A. 2C:25-18 "[I]t is the responsibility of the courts to protect victims of violence that occurs in a family or family like setting by providing access to both emergent and long-term civil and criminal remedies and sanctions, and by ordering those remedies and sanctions that are available to assure the safety of the victim and the public.".
[3] Ibid.
[4] N.J.S.A. 2C:25-28(a) "A victim may file a complaint alleging the commission of an act of domestic violence with the Family Part of the Chancery Division of the Superior Court in conformity with the rules of Court."
[5] N.J.S.A. 2C:25-21(a) "[T]he law enforcement officer shall arrest the person who is alleged to be the person who subjected the victim to domestic violence and shall sign a criminal complaint if ..."; N.J.S.A. 2C:25-21(b) "A law enforcement officer may arrest a person; or may sign a criminal complaint against that person or may do both, where there is probable cause to believe that an act of domestic violence has been committed, but where none of the conditions in subsection a. of this section applies."; N.J.S.A. 2C:25-23 "You also have the right to file a criminal complaint against your attacker. The police officer who gave you the paper will tell you how to file a criminal complaint."

N.J.S.A. 2C:25-25 "Criminal complaint; effect of dissolution of marriage, civil proceedings, or leaving residence; waiver of disclosure of victim's location", refers to a criminal complaint in the title and further states "a criminal complaint arising from a domestic violence incident ..." N.J.S.A. 2C:25-28 "Complaint by victim; emergency relief; temporary restraining orders; service of process", refers only to "Complaint" in the title and then states "a. A victim may file a complaint alleging the commission of an act of domestic violence with the Family Part of the Chancery Division ..."
[6] N.J.S.A. 2C:25-21(d)(3).